# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CANAVERAL PORT AUTHORITY,**
**ET AL.**
                **Plaintiffs,**

**-vs-**                                        **Case No. 6:09-cv-1447-Orl-28DAB**

**M/V LIQUID LAS VEGAS, IMO NO.**
**8222941,**

                **Defendant.**

_____

## ORDER AND REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR INTERLOCUTORY SALE OF M/V LIQUID VEGAS (Doc. No. 21)**
>
> **FILED:**     **September 17, 2009**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

      On August 21, 2009, Plaintiff filed a Verified Complaint to foreclose on its maritime lien for providing maritime necessaries to the vessel M/V Liquid Vegas. Doc. No.1. On August 26, 2009, this Court enter an Order Appointing Sophlex as substitute custodian (Doc. No. 8) and on September 8, 2009, the U.S. Marshal arrested the Liquid Vegas and tendered custody of the Liquid Vegas to the

substitute custodian, Sophlex Enterprises[1].  Doc. No. 14.  Several other parties have intervened as Plaintiffs: North Florida Shipyards, Sysco Food Services, VNS International, Inc.,Johnny E. Ramos, Eric David Keekam, Carlos F. Melchor, Francisco Llopiz, David A Cabanzo, Sergejus Petrovas, Ioannis Loissios, Lazaro O. Dominguez, Juan Ramon Turcios, Carlos Cortes, Neptune Race and Sports Book, Inc., Modern Gaming, Inc.  *See* Doc. No. 16, 22, 28, 34, 36, 44.

On or about March 24, 2009, prior to the arrest of this Vessel, the owner of the Liquid Vegas, filed a voluntary Chapter 11 bankruptcy petition in the Middle District of Florida, Orlando Division identified as In re: Las Vegas Casino Lines, LLC, Case No. 09-3690-ABB.  On August 17, 2009, the Bankruptcy Court (Judge Briskman) entered an Order granting the Motion for Relief from the automatic stay and permitting Canaveral Port Authority to file an admiralty action in this Court and arrest the Liquid Vegas as follows:  "The automatic stay is modified to permit the Port to file a Complaint in the United States District Court (the "District Court") for foreclosure of its United States maritime lien, including the arrest of the ship Liquid Vegas owned by the Debtor, to permit all other parties with such maritime liens to foreclose their maritime liens, and to allow sale of the vessel in the District Court and distribution of the proceeds of the sale of the vessel to satisfy maritime liens."  Doc. No. 4-2.

The vessel owners have not filed a Statement of Interest or Claim of Owner as required by Rule C(6), Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims ("Supplemental Rules") and Local Rule 7.03 (f)(1), nor have they made any efforts to secure release

---

[1]On June 23, 2009, the bankruptcy Court entered an Amended Order on Canaveral Port Authority's Motion for Relief from Stay naming Sophlex Enterprises, Inc. ("Sophlex") as custodian caretaker. Sophlex Enterprises, Inc. has been the caretaker for the Liquid Vegas since May 26, 2009.

of the vessel under Rule E, Supplemental Rules. There is presently only a skeleton crew on board the vessel Liquid Vegas and the Vessel is not being continually maintained, operated and crewed which will result in accelerated deterioration.

Plaintiff contends that the expenses of continued custody are excessive and disproportionate. As the Bankruptcy Court has previously ordered, Sophlex is entitled to fees as custodial caretaker at the rate of $1,006.65 per day[2] and for manning of the vessel from May 26, 2009 until the sale of the vessel. In case of a mandatory evacuation of the ship from the port due to hurricanes, Sophlex's fees shall be $1,348.10 per day with interest accruing on sums not paid within 30 days from invoicing at 18% per annum. The estimated cost of expenses that Sophlex has incurred, to date, is $114,758.81. If the Vessel is not sold, Canaveral Port Authority argues that it will continue to incur considerable expenses associated with the upkeep and maintenance of the Vessel.

For this reason, Canaveral Port Authority moved for an directing an interlocutory sale of the Vessel to avoid incurring substantial additional costs associated with maintaining the Vessel. The Court held a status hearing on September 25, 2009. Doc. No. 41. Potential issues raised at the status conference included whether particular property (such as slot machines) were independently owned or were part of the Vessel and would be included in the sale and whether a purchase offer would be approved prior to the sale date. Doc. No. 41.

It is **ORDERED** that the parties electronically file by **October 7, 2009 at 12:00 p.m. in this Court and in the Bankruptcy Court** any proposed purchase offer contract, including the amount

---

[2]In case of a mandatory evacuation of the ship from the port due to hurricanes, Sophlex's fees shall be $1,348.10 per day with interest accruing on sums not paid within 30 days from invoicing at 18% per annum.

of any deposit, and the District Court will continue to communicate with the Bankruptcy Court as appropriate in the consideration of the offer.

It is further **ORDERED** that the parties electronically file by **October 7, 2009 at 12:00 p.m.** all motions to resolve whether property is independently owned or is to be sold as part of the Vessel.

At the conclusion of the September 25, 2009 status hearing, the parties conferred and agreed to certain conditions of the interlocutory sale, as set forth in the Proposed Order for Sale. Doc. No. 45. With slight revisions to the Proposed Order as submitted by the parties, it is respectfully **RECOMMENDED** that the Order of Sale be entered as follows:

### ORDER DIRECTING INTERLOCUTORY SALE OF VESSEL

In accordance with Rule E(9)(b) of the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims, the sale of the Liquid Vegas, her tender, engines, boilers, tackle, equipment, apparel, appurtenances, etc., shall take place on **October 29, 2009 at 12:00 p.m.**, on the steps of the United States District Court, Middle District of Florida, Orlando Division, George C. Young Courthouse & Federal Building, 401 W. Central Boulevard, Orlando, FL 32801.

The United States Marshal shall publish notice of this interlocutory sale in accordance with the specific time provisions of Local Admiralty Rule 7.05(q). The Marshal is directed to give notice of the public sale in accordance with Local Admiralty Rule 7.05(q)(1), to show the time, place, and manner in which the sale of the vessel will be conducted. The Marshal shall specify in its publication (1) where the sale will be conducted; (2) when the vessel will be available for inspection; (3) the amount of the deposit required to purchase the vessel and time frame to pay the remainder of the purchase balance; and (4) the form of payment. In accordance with Local Admiralty Rule 7.05(q)(2), publication of the notice of sale shall be made at least twice; the first publication shall be at least one

calendar week prior to the date of the sale, and the second at least three calendar days prior to the date of the sale.

The United States Marshal/Substitute Custodian, upon the request of an interested person and at such potential bidder's expense, shall grant permission to said person or his representative to visit, board, inspect, examine, sea trial and survey the M/V Liquid Vegas, her engines, boilers, tackle equipment, apparel appurtenances, etc., during the hours of 9:00 a.m. to 5:00 p.m. between the dates of **October 19, 2009 and October 23, 2009** or otherwise by special appointment with the substitute custodian, provided that the same shall be done at the sole expense and risk of any said person or his representative.

The successful and highest bidder for the vessel at the sale shall, on the date of the sale and within the time allowed by the United States Marshal, deliver to the United States Marshal at least ten percent (10%) of the amount bid for the Vessel, said deposit to be by cashier's check or certified check drawn on a local bank. The balance of the purchase price shall be paid in full within three business days of the sale, and the balance likewise shall be paid by cashier's check or certified check drawn on a local bank. If an objection is filed within those three days, the buyer must defer payment of the balance until the sale is confirmed. If any bidder should fail to pay into the Court the full balance of the purchase price due within three business days of the sale, then the deposit shall be forfeited to be treated as additional proceeds at the sale, and the Court may accept the second bid or order a new sale. If the sale should not be confirmed, the United States Marshal shall return all monies to the highest bidder immediately after rejection of the bid by the Court. The Court shall set the minimum bid at $1,750,000.00, and the Marshal shall begin the bidding by asking the qualified bidders for an opening bid.

Any and all objections to the sale must be in writing and must be filed with the Clerk of the Court and the Marshal by the close of business on the third day following the sale, excluding Saturdays, Sundays, and legal holidays, *i.e.*, by November 3, 2009. Objections shall be accompanied by a cost deposit of seven days of estimated expenses of custody.

The Marshal is directed to comply with the post-sale procedures set forth in Local Admiralty Rule 7.05. After this Court has confirmed a sale pursuant to this Order, the United States Marshal shall deliver a bill of sale of the M/V Liquid Vegas, her engines, boilers, tackle, equipment, apparel, appurtenances, *etc.,* to the confirmed purchaser and the M/V Liquid Vegas, her engines, boilers, tackle, equipment, apparel, appurtenances, *etc.,* shall be conveyed by the United States Marshal "as is, where is," free and clear of all liens and encumbrances.

Parties seeking credit bids shall file motions requesting same **by October 14, 2009.**

Failure to file written objections to the proposed findings and recommendations contained in this report within three (3) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 1, 2009.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Bankruptcy Judge Arthur B. Briskman
Counsel of Record
Courtroom Deputy